Curia, per

Wardlaw, J.
The interest which shall render a witness incompetent must be a certain, direct and legal interest in the event of the suit. An effectual release of such interest will restore the competency. An expectation of advantage, without such interest as the law would recognize., may affect the credibility of the witness, but cannot destroy his competency.
It seems in this case that the understanding between the witness and prosecutor was, even if explicit, a corrupt agreement from which no legal interest could arise. If any legal interest existed under it, that was released by the witness. A strict reliance of the witness upon the honor or generosity or selfishness of the prosecutor still subsisting may create bias, and may cast suspicion upon the prosecution, from the tendency of such reliance to *243 evade the policy of the ordinances of the City Council, and to influence the feelings of the witness. But these matters are for the jury. The court, in deciding upon the admissibility of testimony, must be governed by the rule which holds all to be admissible, subject to certain exceptions, and must leave it to the legislative power to add to the exceptions from considerations of policy.
Let the non-suit be set aside.
O’Neall, Evans, Butler and Frost, JJ. concurred.